WILLIAM BARLOW, Appellant, v. GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN OF IOWA, Appellee.

**INSURANCE:** Mutual Benefit Insurance—Breach of Contract—
1 Measure of Damages. A member of a purely mutual beneficiary society, whose membership for 30 years has been attended with the benefits of life insurance effected solely by means of assessments upon the membership generally, and whose assessments have been so applied, may *not*, upon the breach of the contract of insurance by the society, recover the sum total of the assessments paid by him. *The measure of his relief is to be equitably protected in his membership in accordance with the terms of the breached contract.*

**APPEAL AND ERROR:** Harmless Error—Erroneous Dismissal.
2 Assigning a wrong reason for a correct decision is harmless error. So held where the court dismissed an action on the erroneous finding that there there had been no breach of a contract, but the record revealed that the dismissal was proper, because plaintiff wholly failed to establish a proper measure of recovery.

*Appeal from Polk District Court.*—CHAS. A. DUDLEY, Judge.

MONDAY, MAY 14, 1917.

SUIT in equity to recover damages for alleged breach of a contract of insurance, and praying an accounting for the purpose of determining the amount of damage. The trial court dismissed the petition, on the ground that no breach by the defendant was shown. The plaintiff appeals. —*Modified and Affirmed.*

*Mason & Dyer,* for appellant.

*E. B. Evans* and *Herman F. Zeuch,* for appellee.

EVANS, J.—On the question of breach of contract, the case involves precisely the same questions as are considered in the case of *Tusant v. Grand Lodge Ancient Order of United Workmen of Iowa*, April 4, 1918 (163 N. W. 690). The same acts and the same defendant order are involved in both suits. The plaintiff was a member of the order, and is entitled to the same relief and upon the same grounds as was awarded to the plaintiffs in the *Tusant* case. The trial court erred, therefore, in finding no breach of contract by the defendant. The only question left for our consideration is whether the plaintiff is entitled to the measure of damages for which he contends. It is agreed that the plaintiff was a member of the defendant order for upwards of 30 years, and that during such membership he paid assessments and dues amounting to $998. The plaintiff asks to recover this sum, with interest thereon, as the measure of his damages. No evidence was offered in proof of damages upon any other basis. The question presented, therefore, is whether a member of a purely fraternal beneficiary society may, after many years, upon breach of the contract by the defendant, so rescind his membership and recover all payments made for assessments and dues.

1. INSURANCE: mutual benefit insurance: breach of contract: measure of damages.

The defendant order is purely a mutual assessment company, levying assessments upon its members for the payment of death losses after they occur. All assessments are paid by the members for the distinct purpose of paying death losses already accrued. All of plaintiff's assessments were paid for such purpose, and were applied in strict accordance with such purpose. The defendant was a mere trustee of the fund, and the beneficiaries of the death losses were, in each instance, the beneficial owners thereof. The plaintiff has had benefits of substantial value in his 30 years of insurance. It would be impossible to place the

parties substantially *in statu quo*. In view especially of the fact that the defendant was a mere trustee, acting without profit, and that its officials in all cases applied the plaintiff's assessments to the distinct purpose for which they were paid, we think that the amount of the assessments thus paid cannot be made the measure of plaintiff's damage for a subsequent breach. The plaintiff has brought his suit in equity. The measure claimed by him is clearly inequitable. *Lavalle v. Société*, 17 R. I. 680 (24 Atl. 467, 16 L. R. A. 392) ; *Ebert v. Mutual Reserve Fund Life Assn.*, (Minn.) 83 N. W. 506.

Plaintiff relies upon *Van Werden v. Equitable Life Assur. Soc.* 99 Iowa 621, and *Fort v. Iowa Legion of Honor*, 146 Iowa 183. In the *Van Werden* case the measure of damage contended for was allowed. The defendant in that case, however, was an old line company, and was not a mere assessment company. The breach of contract occurred with reference to plaintiff's first payment. Upon breach by the defendant, the plaintiff rescinded, and was permitted to recover all such first payment, although it included the premium of three years. The breach and the rescission occurred after two years. The benefit received by the plaintiff, therefore, was not of great value.

In the *Fort* case, the question presented herein was not passed on by us. The rule was applied in the trial court. No exception to such ruling was presented to us. The opinion expressly calls attention to that fact. We are not, therefore, committed to the application of such a rule to a purely mutual assessment company. The question as made in the *Van Werden* case was very close, and was involved in a conflict of authority. To apply the rule to a mutual assessment company would present a still greater difficulty, and we find no authority which has gone to that extent. Our holding in the *Tusant* case may inure to the benefit of plaintiff and may operate to give him equitable re-

lief by protecting his membership and enabling him to re-
sume his former relations to the order. That question we
cannot now prejudge. This is doubtless the most equitable
relief that could be devised for him, even though it might be
conceded that he would be entitled to some measure of dam-
age, even though, under this evidence, only nominal. His
counsel have fully apprehended the difficulty of obtaining
substantial relief in the form of damages unless they can
recover the amounts paid. They have, therefore, confined
their claim strictly to that measure. The plaintiff's real
objective is the reserve fund. If this were subjected to
plaintiff's call for damages, the redress thus obtained would
not be taken from the wrongdoer. The defendant order
holds this fund as trustee only. The beneficial owners
thereof are members, whose relations thereto are like that
of plaintiff, and who also have suffered similar wrong.
Their equities are equal with that of plaintiff, and a court
of equity cannot ignore them. It is not a case where eq-
uity is to be created at the tape in a race of creditors.

Although we find that the trial court

2. APPEAL AND
ERROR: harm-
less error: er-
roneous dis-
missal.

erred in its finding that there was no breach
of the contract, and erred, therefore, in the
ground of its dismissal, nevertheless the dis-
missal itself was without error, because no
proper measure of damage was proved. The finding of fact
on the question of breach made in the decree below will be
modified in the respect indicated, and the dismissal will be
affirmed on the ground here indicated, without prejudice to
future proceedings looking to other remedy.—*Modified and
Affirmed.*

All the Justices concur.