PAUL HENRY MERKEL, appellee, v. PAULINE LUCILLE MERKEL, appellant.

No. 48818.

(Reported in 73 N.W.2d 75)

NOVEMBER 15, 1955.

496

John F. Davis, of Des Moines, for appellant.

Wade Clarke, of Des Moines, for appellee.

LARSON, J.—Plaintiff's application for an order decreeing that the requirements in an original decree of divorce between the parties for the payment of child support between the dates of July 4, 1952, and September 10, 1954, be declared modified, canceled and terminated as a result of proceedings had in court pursuant to a proposed adoption of the child involved, and asking that the court declare all payments due under the decree for that period have been satisfied and that a garnishment of plaintiff's wages therefor be released, was heard by the trial court and relief granted. Defendant appeals, contending there had been no modification of the original divorce decree and any attempt to modify that decree by collateral proceedings was null and void.

There is no real dispute as to the facts. The parties were divorced February 4, 1948, and under the decree custody of the minor child was awarded to the defendant with the provision that plaintiff pay the sum of $50 monthly "as an allowance for the support, maintenance and education of said child until further order of court." These payments were made from February 9, 1948, until July 4, 1952, when a petition of Forrest C. Simcoke and his wife was filed in court to adopt the child. Both plaintiff and defendant signed a "Release of Child and Consent to Adoption", in which they released claims of every kind and character that either of them had to the child or to her custody. On June 5, 1952, the court approved the application and issued a preliminary order declaring the Simcokes were entitled to the care, custody and control of the minor child, Karen Paulette Merkel, pending the further order of the court, and issued other orders necessary pursuant to a later final decree of adoption. The child was taken to the Simcoke's home and remained there over two

years and three months without a final decree of adoption, and then because she wished to go back to her mother, the court upon application of the Simcokes dismissed these proceedings on September 9, 1954. The custody was then restored to the natural mother who now resides in North Carolina. She did not testify in these proceedings, but a letter dated November 16, 1954 (plaintiff's Exhibit C) was introduced in evidence in which she said: "I am only interested in receiving child support due me from the date of September 9, 1954, to the present date * * *. There is no desire to collect back support money for the length of time Vera and Forrest Simcoke took care of her * * *." This exhibit was offered and correctly accepted for the limited purpose of showing the intent of the parties in connection with the alleged delinquent child-support payments.

Neither party sought to have the original divorce decree modified as to child support, and no order appears in those proceedings. Ostensibly, during that period of time child-support payments totaling a considerable amount accumulated on the books in the clerk's office of Polk County, Iowa. Defendant had a little difficulty getting all her payments after September 9, 1954, as the surprise restoration of the child-support obligation caused plaintiff some temporary financial distress. Through a local friend, defendant obtained a garnishment attaching the salary of plaintiff for all the payments due as shown by the clerk's books. This step brought about plaintiff's application, which in effect is asking the court to declare there is in fact no judgment against him for the period in dispute and asking release of the garnishment. At the time of this hearing all payments, except those which would have come due while custody was in the Simcokes, were paid up to date.

The trial court stated: "It is my belief that there never was any intention on the part of either party that there should be a judgment of $50 per month entered against the plaintiff for child support during the time the child was with the Simcokes." We agree. The actions as well as the expressions of both clearly indicate there was no thought of plaintiff's liability for the payments during that period. No payments were made by plaintiff and none demanded by defendant. Even her letter confirmed this understanding.

The trial court further held it would not now be equitable to award the defendant in this case "a bonus of several hundred dollars under the circumstances" disclosed. To this defendant's counsel replies that only by proper application in the divorce proceedings may the decree be modified, and, until it is so modified, delinquent payments are judgments upon which execution may be levied, citing section 598.14, Code of Iowa 1954.

Defendant complains of the trial court's holding that "the decree in the divorce case has no vitality insofar as the enforcement of any of its terms are concerned for the period the adoption order was in effect, and no enforceable judgment accrued under the terms of the original divorce decree herein during the time the child involved was in the possession of the Simcokes." We agree, at least with the trial court's conclusion. In such equity matters we have often said, if the trial court's result is right, even though the reasons given may not be the proper ones, the decision should be affirmed. Barlow v. Grand Lodge, 179 Iowa 1149, 162 N.W. 757, L. R. A. 1917E 1032; section 619.16, Code of Iowa 1954.

Section 598.14, Code of 1954, provides: "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects when circumstances render them expedient."

Cases need not be cited, for it is undisputed any change in that order can be made only by the court after a subsequent application in the matter. The action of the court relating to child support, whether valid or not, is immaterial here. It is not the real point in issue under the facts of the case before us. The amount of the child-support payments was not changed, nor is there any claim that it was. It is plaintiff's contention that by the terms of a written agreement signed by both parties May 9, 1952, both released all claims with respect to the child in anticipation of an adoption by the Simcokes. This included defendant's right to the payments. The agreement (plaintiff's Exhibit A) filed in the adoption proposal contained the following language:

"We do each of us, by the execution of this agreement, hereby release and relinquish all claims of every kind and character

whatsoever that we, or either of us, may now have or may make to said child or to her custody, and we further assign, release and transfer all of our rights and duties with respect to said child and her custody to Forrest C. Simcoke and Vera A. Simcoke, husband and wife, for the purpose of adoption, and we hereby consent to the adoption of said child by said persons."

Obviously both parties released and relinquished rights thereunder.

As we understand the trial court's decision, this release is the basis of the denial of any judgment upon which an execution could be issued for payments accruing during the period the Simcokes had the child. It is not predicated upon an ex parte court order in the guardianship, though clearly the agreement filed in that matter also had the approval of the court and was recognized in that action. Perhaps it is also true the same result is obtained as though a regular proceeding to modify the divorce decree had been pursued, but there seems no compelling reason or authority to demand that such release or satisfaction of child-support payments under the original decree needs the formality of a modification. Though it is correctly contended by counsel for the defendant that no change, modification or alteration of the terms of such decree may be accomplished except by a proper application and order in the divorce matter, citing ample and conclusive authority in support of that proposition, such contention or authorities are not, we think, in point and are not controlling here.

Defendant relies principally upon the decision of this court in Roach v. Oliver, 215 Iowa 800, 803, 244 N.W. 899, 901, but we note that the court therein said: "This judgment could not be paid or satisfied without the money being received by the plaintiff-wife, or paid to others by her authority. There is no claim by the petitioner that the payments made by him for the son, or that the aforesaid arrangements claimed to have been made by him in behalf of said son, *were with her authority or consent.*" (Emphasis supplied.)

The result clearly would have been different had the payments there been with her authority. It is quite different from the case at bar where defendant's consent was in writing, agreeing with plaintiff and others to another arrangement whereby

the child was to be in the custody and receive the support of another. This arrangement was intended and accepted in lieu of the $50 per month child-support payments. It waived and satisfied the plaintiff's obligation to pay defendant the support money during that period and satisfied the obligation of the original decree.

Equity requires here no other construction, for whether you call the action of the parties a consent, satisfaction, agreement, renunciation or release, or whether you refer to the action as in effect modifying the original divorce decree to that extent, makes no difference, for such transaction required no modification in the strict sense of the word. Reasonable child support was not disturbed or diminished. It was furnished as contemplated by all parties concerned, including the state. The orders and requirements of the original decree were satisfied.

We conclude therefore no judgment accrued against the plaintiff for the $50 monthly payments while the child was with the Simcokes, and the execution and levy thereunder was void. The trial court's judgment and decree releasing the garnishment of plaintiff's wages was correct.—Affirmed.

All Justices concur except Peterson, J., who takes no part.