ANNA MARIE HERB, appellant, v. DAVID K. HERB, appellee.

No. 49966.

(Reported in 103 N.W.2d 361)

June 14, 1960.

William A. Bergman, of Cedar Rapids, for appellant.

Stanley M. Nielson, of Cedar Rapids, for appellee.

Hays, J.—This appeal presents two questions although closely interwoven: May divorced parents by a subsequent mutual agreement reduce the amount of child-support payments, required under the original divorce decree, so as to release the payor for any deficit between the agreed amount and the decreed amount, both as to past and future payments; and, Is such an agreement a sufficient basis for the court to modify the decree as to such payments? The trial court determined both propositions in the affirmative.

The record is brief and not too clear. Plaintiff and defendant were divorced in 1949. Plaintiff was awarded the care and custody of their five minor children. The decree incorporated therein the provisions of a stipulation between the parties whereby defendant was to pay to plaintiff, through the clerk of court, the sum of $6 per week, per child, until each child attained the age of 18 years, when it would be reduced by such amount. No judgment was entered as each payment became due, if in default, but it was provided that plaintiff, if there was a default, might file an affidavit of nonpayment of child support and a judgment would be entered for such amount as was in arrears. In 1959 plaintiff filed such an affidavit, and a judgment in the amount of $3836 was entered against defend-

ant. Under an execution defendant's wages were attached by garnishment. The defendant filed a motion to modify and correct the decree to make it conform with the terms of an alleged written agreement entered into between plaintiff and defendant for a reduction of the amount to be paid for child support, and also, to quash the execution and garnishment.

The defendant testified that sometime about 1953 he and plaintiff agreed that the payments he should make for the care of the five children should be reduced to $70 per month and payable at the rate of $14 per month for each child until it reached the age of 18 years. While this agreement is denied by plaintiff, the trial court found such an agreement was made in 1951 and the record sustains such a finding. While it is clear the agreement was reduced to writing, neither party has a copy and it was not filed of record. Thereafter the defendant made the payments according to the agreement. The trial court held the agreement to be legal and modified the decree, reducing the amounts due thereunder from the date of the agreement, and also as to future payments to be made for children then under 18 years of age. It found a deficit which accrued prior to the date of the agreement, reduced the judgment to that amount, $596.80, and allowed the execution and garnishment to stand. Only the plaintiff has appealed.

I. Generally, is such an agreement legal, and, if so, is this specific one legal?

The authorities are not in agreement upon this proposition, with respectable authority supporting both views. See: Annotation, 57 A. L. R.2d 1139; Annotation, 70 A. L. R.2d 1250; 39 Am. Jur., Parent and Child, section 42; 67 C. J. S., Parent and Child, section 15; 17A Am. Jur., 1959 Cum. Supp., Divorce and Separation, page 6; 27B C. J. S., Divorce, sections 319(4), 321(1). This general question has twice been passed upon by this court. Pappas v. Pappas, 247 Iowa 638, 75 N.W.2d 264, 57 A. L. R.2d 1134, was a case where plaintiff had the custody of a minor child under the terms of a divorce decree which called for payments to be made to the mother for its support. The mother, plaintiff, remarried another man and was living in Florida. The child was a member of their family. Plaintiff

entered into an agreement with the defendant, father, that if he would sign a consent to the child's adoption by her new husband and pay $150 to pay for the expense of the adoption she would give him a release of all payments due or to become due by the divorce decree. Defendant signed such an agreement and paid the $150. The adoption proceedings were commenced but never completed. Thereafter the plaintiff sought to recover from the defendant under the terms of the decree. The signed consent to the adoption and the $150 were never returned to defendant. We held that as between the divorced father and mother an agreement under which the latter, for a valid consideration which the former has paid, agreed to release the father from the support clause of a divorce decree is binding upon her, and she may not collect for further child support until she makes a sufficient showing that she is not able to furnish proper support; and then only from the time that she makes such a showing. In Merkel v. Merkel, 247 Iowa 495, 73 N.W.2d 75, the parents of a minor child were divorced. The mother had its care and custody and the decree provided for support payments by the father. Both parents signed a release as to the child and consented that it might be adopted by another couple. Under order of the court the child was placed in the home of the tentative adoptive parents, where it remained for two years. It then returned to the mother's home and the adoption proceedings were dismissed. The mother attempted to recover the payments due under the terms of the decree and we held the judgment was in effect satisfied by the mother's release and consent to the adoption. The case concerned only the payments which had not been made during the time the child was out of the mother's home. No future payments were involved. These two cases are so different factually that they do not serve as too direct an authority upon our instant question.

██ ██ II. All of the authorities which recognize such an agreement are agreed upon the proposition that such agreement, to be valid, must be founded upon a good and sufficient consideration, although again they differ as to what constitutes good consideration. See authorities cited in Division I above. Under the instant record we think there is a total failure to

show such a consideration. Defendant was in default with his payments under the decree. There is not a word in the record as to his ability to pay, other than his statement that the payments were difficult to meet. He was already legally bound to make payments at the rate of $6 per week per child, based upon his promise in the stipulation which was later incorporated into the decree. This new promise changed nothing except the amount he was to pay, which was a reduction. It apparently did not cover payments that had accrued at the time of the agreement, or at least the trial court so found and defendant has not appealed, but was to apply only to future ones. As to the plaintiff, she gained nothing by exchanging rights she had under the divorce decree for a naked promise to do less than such decree required. He bound himself to do nothing that he was not already legally required to do; she gained nothing that she was not already entitled to receive. We fail to find wherein there is a good and sufficient consideration.

But even assuming this consideration to be sufficient, the thing that is the subject matter of the agreement directly concerns the welfare of the children and if by such agreement their welfare is placed in jeopardy the agreement should not be enforced. We have no direct testimony upon this question, but it does appear that since 1949 the plaintiff has been receiving aid under the provisions of chapter 239, Code of 1958, known as A. D. C. This can only mean that the payments made under this agreement, and those made prior thereto which were less than the decree called for, were insufficient to properly care and provide for them. Certainly a reduction in the amount to be paid under a divorce decree and which is contingent solely upon his keeping his promise to pay the lesser amount does not appear to be in the best interests of the children. It is true that at the time this action was commenced all but two of the children were past 18 years of age and that somehow they had survived, but this agreement must be considered at the time it was made to determine its validity and not upon what has happened since that time. While an estoppel is urged in the motion, it is not mentioned or argued by the defendant on this appeal and is not before us. We hold that this agreement has

no legal effect and the trial court was in error in upholding it. In so holding, we do not in any way repudiate our holdings in the Merkel and Pappas cases, both supra.

III. The trial court modified the decree, as to child support, to conform with the agreement as of the date thereof. The defendant contends that it did not modify the decree so as to release accrued payments but established the agreement as superseding the decree. In either event the trial court would be in error. If it was establishing the agreement, it was establishing what we have held to be no binding agreement. If it was modifying the decree as of the date of the so-called agreement, it was releasing payments which had accrued, contrary to our holdings in Delbridge v. Sears, 179 Iowa 526, 160 N.W. 218; Brin v. Brin, 249 Iowa 564, 87 N.W.2d 764. Furthermore, the power of the court to modify a divorce decree is found in section 598.14, Code of 1958; and in construing this section, we have repeatedly held that only where a change of circumstances is shown since the decree may a modification be made. This applies to the payments still to be made for the children under 18 years of age. Pearson v. Pearson, 247 Iowa 437, 74 N.W.2d 224. No change of conditions appears in this record.

The judgment of the trial court is reversed and the cause remanded with directions to overrule all motions and reinstate the judgment as originally entered.—Reversed with directions.

All JUSTICES concur except OLIVER, J., not sitting.