In re the MARRIAGE OF Joyce Ann ZELIADT and Mark Ivan Zeliadt.

Upon the Petition of Joyce Ann Zeliadt, Appellee,

And Concerning Mark Ivan Zeliadt, Appellant.

No. 85–852.

Supreme Court of Iowa.

July 23, 1986.

Kermit L. Dunahoo and Tim A. Thomas, of Dunahoo Law Firm, Des Moines, for appellant.

John P. Roehrick, of Roehrick & Hassel, P.C., Des Moines, for appellee.

WOLLE, Justice.

The parties in this dissolution action have presented several issues for our review in connection with a postdecree order directing sale of certain rental property referred to in the final decree. One issue is dispositive of this appeal. The trial court found a post-decree stipulation of settlement unenforceable for lack of consideration, but we find on this record that the consideration was adequate. We reverse and remand in order that the trial court may determine in further proceedings whether the stipulation was in the best interests of the affected minor child of the marriage.

Our review is de novo. Iowa R.App.P. 14(f)(7). The 1983 dissolution decree which ended the marriage of Joyce Ann Zeliadt and Mark Ivan Zeliadt provided that Mark was to pay Joyce alimony and child support for the parties' minor child. One paragraph of the final decree provided that a rental property, real estate jointly owned by the parties, should be listed with a realtor and sold. The equity remaining after payment of indebtedness, taxes, and costs was to be divided equally between the parties. The decree also stated:

If the parties cannot agree on a realtor, the court will appoint a commissioner.

That decree was subsequently modified by a 1984 decision of the Iowa Court of Appeals, but disposition of the real estate was not at issue in that appeal.

In August of 1984, with the real estate advertised for sale but unsold, the parties entered into a stipulation in open court which resulted in dismissal of contempt charges brought against Mark by Joyce for nonpayment of support. The court-reported stipulation provided in pertinent part: (1) the contempt action would be dismissed; (2) Mark would quitclaim to Joyce his one-half interest in the real estate; and (3) Joyce would give Mark credit of $17,500 toward his past and future alimony and child support obligations. The parties acknowledged on the record their approval of these stipulated terms of settlement. During the two months that followed, the parties' attorneys prepared and exchanged drafts of a stipulation and proposed order which was to be approved and executed by a district court judge, but before a final draft order was ready for submission to the court, Joyce changed her mind and refused to abide by the stipulation. Mark nevertheless executed and tendered to Joyce a quitclaim deed, thereby performing his obligation under the stipulated settlement.

With the real estate yet unsold, Joyce then applied for appointment of a commissioner to sell the real estate, relying on the provision in the original decree concerning appointment of a commissioner if the parties could not agree on a realtor. Mark resisted the application on the ground that the stipulated settlement had been consummated and should be enforced. Mark also asserted that the court lacked statutory authority to appoint a commissioner for that purpose, challenging Joyce's contention that the authority was provided by Iowa Code section 624.29 (1983).

After a hearing the district court granted Joyce's application and, while encouraging the parties to agree on a specific commissioner, directed them otherwise to submit names of proposed commissioners so the court could select one of those proposed. The court refused to give effect to the stipulated settlement, finding it was not "based upon good and sufficient consideration." The court explained in its written order that Joyce "would gain nothing that she was not already entitled to receive" by entering into the stipulation, while Mark "bound himself to do nothing more than what he was already legally required to do." In attempting to uphold that ruling, Joyce relies upon two Iowa cases, *Denning v. Denning*, 185 N.W.2d 238 (Iowa 1971), and *Herb v. Herb*, 251 Iowa 957, 103 N.W.2d 361 (1960).

We agree that those two Iowa cases articulate the principles upon which this appeal must be decided, but we disagree with the district court's application of those principles to the facts of this case. In *Herb* our court refused to enforce a written agreement between divorced parents which

would have reduced the decreed monthly amounts owing for child support. We rejected the father's contention that the mother was sufficiently benefited by receiving his promise to pay voluntarily and did not have to seek enforced payment through further court proceedings. We held that any agreement changing the terms of a divorce decree "must be founded upon a good and sufficient consideration," and the agreement there did not meet that test. We added:

> But even assuming this consideration to be sufficient, the thing that is the subject matter of the agreement directly concerns the welfare of the children and if by such agreement their welfare is placed in jeopardy the agreement should not be enforced.

*Id.* at 961, 103 N.W.2d at 363.

In *Denning,* we applied the *Herb* reasoning concerning adequacy of consideration in refusing to enforce a similar agreement entered into between divorced parents of a minor child. There too the agreement under which the father proposed to pay less child support would have given the wife only his promise to pay voluntarily the smaller amounts.

 The circumstances of this case are strikingly different from the circumstances in *Herb* and *Denning.* The stipulated settlement between Mark and Joyce was not bereft of consideration. Consideration adequate to validate exchanged promises may be in the form of a detriment or benefit to the parties. This stipulated settlement had elements of both benefit to Joyce and detriment to Mark. Mark gave up his one-half interest in the real estate, a detriment, in exchange for dismissal of the contempt action and credit in a specific amount against his child support obligations. Joyce benefited by receiving tangible income property and the potential of doubling the amount she would receive out of the equity remaining after sale of that property. Although the precise value of the real estate at the time of the sale is not well established in this record, neither party contends that the property was with-

out value to its owners. The amount of consideration is irrelevant so long as some benefit or detriment is established. The stipulated settlement entered into between Joyce and Mark in August of 1984 was plainly supported by sufficient consideration to make the exchanged promises enforceable.

 The second principle of *Herb,* however, has yet to be addressed by the district court. That court has not yet determined whether the stipulated settlement, rearranging the manner in which Mark's immediate child support obligation would be satisfied, would be in the best interests of the minor child of the marriage. Parents cannot lightly contract away or otherwise modify child support obligations; the court will give effect to such agreements only if they do not adversely affect the best interests of affected minor children. *Compare Anthony v. Anthony,* 204 N.W.2d 829, 832–34 (Iowa 1973) (voiding purported agreement under which mother agreed to give up child support in exchange for father's waiver of right to visit minor child), *with In re Marriage of Wimmer,* 349 N.W.2d 505, 507 (Iowa Ct. App.1984) (enforcing oral agreement whereby father would not pay child support to custodial parent during periods when children living with him). The stipulated settlement here should be approved and enforced only if the district court determines that the stipulated settlement affecting Mark's child support obligation will not adversely affect the best interests of the parties' child.

We reverse the order directing sale of this real estate, because if the stipulated settlement is approved Mark will have no interest in that property and Joyce may then retain or dispose of the property as she sees fit without involving the dissolution court. If the district court determines that the stipulated settlement will not adversely affect the minor child, the stipulation should be enforced and Joyce's application for appointment of a commissioner should be dismissed. If the district court,

on the other hand, determines that the stipulated settlement should not be enforced for some reason other than lack of adequate consideration, it should then proceed to determine what disposition of the parties' jointly owned real estate is in the best interest of all parties involved and enter an appropriate equitable decree.

Mark has also contended that the district court's order appointing a commissioner to sell the parties' real estate "pursuant to [Iowa Code] § 624.29" went beyond the authority provided by that statute. He argues that the statute by its terms is limited to situations where the terms of conveyance and person entitled to receive conveyance are established and the commission is appointed merely to execute and deliver the necessary instruments of conveyance. Regardless whether the statute itself provided the requisite authority for the court's appointment of a commissioner in this case, we note that the parties' decree did contemplate that the court would play an important role in effecting sale of the property and equitable distribution of the proceeds. Dissolution courts are courts of equity. *In re Marriage of Vrban,* 359 N.W.2d 420, 423 (Iowa 1984); Iowa Code § 598.3 (1985). The court sitting in equity has the power and flexibility to impose equitable terms upon parties as conditions of granting equitable relief. *Cf. Farmers Savings Bank, Joice v. Gerhart,* 372 N.W.2d 238, 245 (Iowa 1985) (equity court may vacate sheriff's sale on condition of lien holder paying costs and attorney fees and bidding in at foreclosure sale a specific amount); *Moser v. Thorp Sales Corp.,* 334 N.W.2d 715, 719 (Iowa 1983) (court of equity has authority to "round out the whole circle of the controversy"). If the district court determines after remand that the real estate must be sold at its direction, the court will have the power to provide the means for an equitable sale and distribution to be accomplished.

REVERSED AND REMANDED WITH DIRECTIONS.