In re the MARRIAGE OF Janet M. UDELHOFEN and Steven L. Udelhofen.

Upon the Petition of Janet M. Udelhofen, Appellant,

And Concerning Steven L. Udelhofen, Appellee.

No. 94–218.

Court of Appeals of Iowa.

June 27, 1995.

Janet M. Udelhofen, Urbandale, pro se, for appellant.

Ted E. Marks, Urbandale, for appellee.

Carol Coppola, Des Moines, guardian ad litem for parties' minor child.

Considered by DONIELSON, C.J., and HABHAB and HUITINK, JJ.

DONIELSON, Chief Judge.

Janet Udelhofen appeals the January 3, 1994, order modifying her dissolution decree. Upon our de novo review of this matter, Iowa R.App.P. 4, we affirm the order as modified by this opinion.

The marriage of Janet and Steven Udelhofen was dissolved in 1986. Janet filed a petition to modify the dissolution decree in 1992. On November 30, 1993, the parties dictated into the record a stipulated settlement of all issues. Janet was specifically asked by the district court judge if she agreed with the stipulation, and Janet responded "yes." The judge ordered Steven's counsel to prepare a decree incorporating the stipulation for submission to the court. The district court judge directed that the parties would not be required to sign the decree, but the parties' attorneys would sign it to indicate their approval as to its form.

An "Order Modifying Decree" was filed on January 3, 1994. The order incorporated the provisions of the parties' settlement. Only counsel for Steven and the attorney representing the parties' child had signed the order. The record does not indicate whether Janet or her counsel had the opportunity to review the proposed decree prior to its submission to the court.

Janet argues there is evidence of fraud, deceit, duress or mutual mistake in the January 3, 1994, court order. She points out that the order was not signed by her counsel and it contains two provisions which were not a part of the parties' stipulated settlement. Janet objects to the inclusion in the order of a provision requiring the parties to share equally the cost of counseling for their minor child. She also objects to a provision which declares the fees incurred for the child's attorney shall not be dischargeable in bankruptcy. Janet argues the January 3, 1994, order should be reversed and the matter remanded to the district court.

■ A stipulation of settlement in a dissolution proceeding is a contract between the

parties. *In re Marriage of Bries*, 499 N.W.2d 319, 321 (Iowa App.1993). The stipulation becomes final when it is accepted and approved by the court. *In re Marriage of Butterfield*, 500 N.W.2d 95, 98 (Iowa App. 1993). A stipulated settlement should be approved and enforced only if a district court determines the settlement will not adversely affect the best interests of the parties' children. *See In re Marriage of Zeliadt*, 390 N.W.2d 117, 119 (Iowa 1986).

## COUNSELING COSTS

■ We have reviewed the transcript of the parties' stipulated settlement and find no reference was made to the apportionment of the counseling expenses, although the parties did stipulate to equally divide any remaining court costs. We find the provision assessing the counseling costs was a minor and nonmaterial addition to the stipulation. The parties had stipulated as to the child's need for continued counseling and that they would cooperate with the counselor. Assessment by the court of the costs resulting from the counseling was foreseeable and reasonable.

It is within a district court's discretion to apportion the expenses incurred in court-ordered counseling. The inclusion of a provision ordering the parties to divide the cost of the counseling was consistent with a prior court order in this case which had required the parties to equally divide uninsured counseling costs. The inclusion of this provision was not contrary to, nor inconsistent with, the parties' stipulated settlement. We affirm that portion of the court order.

## ATTORNEY'S FEES

■ The transcript of the stipulated settlement reveals the parties recognized they had been previously ordered to each pay one-half of the fees for the attorney appointed to represent their child. Nothing in the stipulated settlement addresses the potential dischargeability of those fees in bankruptcy. We find this is a material addition not contemplated at the time the settlement was reached.

This provision directly affects Janet's rights under federal bankruptcy law. She did not agree to forego her right to potentially discharge this obligation in a future bank-

ruptcy proceeding. The parties did not stipulate as to this issue, and inclusion of it in the court order was improper. We modify the order to omit this provision. In doing so we express no opinion as to the actual dischargeability or nondischargeability of this obligation under federal bankruptcy law.

AFFIRMED AS MODIFIED.