In re the MARRIAGE OF Wayne
O. HANDELAND and Gail
M. Handeland

Upon the Petition of

Wayne O. Handeland, Appellee,
And Concerning

Gail M. Handeland, Appellant.
No. 95–1826.

Court of Appeals of Iowa.

April 30, 1997.

William F. Olinger of William Olinger Law Office, Cedar Rapids, for appellant.

Judith Jennings–Hoover, Cedar Rapids, for appellee.

Considered by HABHAB, C.J., and HUITINK and STREIT, JJ.

HUITINK, Judge.

This is an appeal by a wife claiming the district court should not have incorporated the parties' stipulation into their decree of dissolution. The wife claims the court should not have accepted the stipulation because it included a deviation from the child support guidelines. We affirm on appeal.

Wayne and Gail Handeland were married in 1977. They have one child, Holly, who was born in 1980. Wayne is a police officer for the City of Cedar Rapids. He has an annual income of $34,800 and a net monthly income of $2235. Gail has an annual income of $14,560 from Hunter Specialities and $4576 from Best Buy. Her net monthly income from these two jobs is $1247.

On September 18, 1995, the parties entered into a stipulation. This stipulation was incorporated by the district court into the parties' dissolution decree. Under the terms of the decree, the parties were granted joint legal custody of Holly, with Wayne having primary physical care.

Gail was ordered to pay child support of $135 per month. This amount is a deviation from the child support guidelines. Under the guidelines Gail would be required to pay child support of $268 per month. The decree provided:

> Both parties acknowledge, and the Court finds, that the amount of child support payable in this case substantially deviates from the guidelines. The reasons for said deviation are as follows:
>
> (a) The Respondent [Gail] is waiving any possible claims she may have for alimony based upon an eighteen-year marriage;
>
> (b) There is a substantial disparity in the present earnings of the parties.
>
> The foregoing constitutes just cause for deviating from the guidelines in this manner.

The decree also provided each party waived his or her right to alimony payments from the other party. Gail now appeals.

■ Our review of this equitable action is de novo. Iowa R.App.P. 4. We are not bound by the district court's findings of fact, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

Gail contends the district court should have rejected the parties' stipulation because it improperly deviates from the child support guidelines. She believes the stipulation is unjust because she has permanently waived the ability to receive alimony, but her child support obligation could later be increased in a modification. Gail claims she is entitled to alimony. She asks to have the matter remanded to the district court on the issues of child support and alimony.

■ A stipulation and settlement in a dissolution proceeding is a contract between the parties; however, it becomes final only when accepted and approved by the court. *In re Marriage of Von Glan*, 525 N.W.2d 427, 430 (Iowa App.1994). When a stipulation merges into a decree, it is then to be interpreted and enforced as a final judgment of the court, not as a separate contract between the parties. *Id.*

■ A stipulated settlement should be approved and enforced only if the district court determines the settlement will not adversely affect the best interests of the parties' children. *In re Marriage of Udelhofen*, 538 N.W.2d 308, 310 (Iowa App.1995) (citing *In re Marriage of Zeliadt*, 390 N.W.2d 117, 119

447

(Iowa 1986)). Our child support guidelines provide:

A stipulation of the parties establishing child support and medical support shall be reviewed by the court to determine if the amount stipulated and the medical support provisions are in substantial compliance with the guidelines. A proposed order to incorporate the stipulation shall be reviewed by the court to determine its compliance with these guidelines. If a variance from the guidelines is proposed, the court must determine whether it is justified and appropriate, and, if so, include the stated reasons for the variance in its order.

We find the district court gave sufficient reasons to deviate from the child support guidelines in this case. The deviation is based on Gail's waiver of alimony. Parties may contract away an alimony obligation and a court will give effect to the agreement absent a showing the agreement is clearly inequitable. *In re Marriage of Okonkwo,* 525 N.W.2d 870, 872 (Iowa App.1994). The agreement to waive alimony was not clearly inequitable. We find the deviation from the child support guidelines was justified and appropriate. We also find the stipulation does not adversely affect the best interests of the parties' child.

We affirm the decision of the district court incorporating the parties' stipulation into the dissolution decree. Costs of this appeal are assessed to Gail.

**AFFIRMED.**