# IN THE COURT OF APPEALS OF IOWA

No. 19-1191
Filed April 29, 2020

IN RE THE MARRIAGE OF CATHERINE HOLMAN
AND JONAS HOLMAN

Upon the Petition of
**CATHERINE HOLMAN,**
        Petitioner-Appellee,

**And Concerning**
**JONAS HOLMAN,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin,

Judge.


        A father appeals the district court decision on his motion for declaratory

judgment concerning child support. **AFFIRMED.**


        Amanda L. Green of Takekawa & Green, PLLC, Ankeny, for appellant.

        Lora L. McCollom of McCollom Law Firm, PLLC, West Des Moines, for

appellee.


        Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Jonas Holman appeals the district court decision on his motion for declaratory judgment concerning child support. The evidence does not support a finding that the parties entered into a contract that provided Jonas would only be responsible to pay a reduced amount of child support. Jonas did not preserve error on his claim mortgage payments he made should be offset against the total amount of his child support obligation. We decline Catherine Holman's request for appellate attorney fees. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

Jonas and Catherine were previously married. They have three children, who were born in 2001, 2003, and 2004. The parties' dissolution decree, filed on October 5, 2006, granted the parties joint legal custody and placed the children in Catherine's physical care. Jonas was ordered to pay child support of $3300 per month for the three children, to be paid through the Collection Services Center.[1] In a separate provision, Jonas was ordered to pay the mortgage on the marital home while the home remained listed for sale.

Jonas did not pay child support through the Collection Services Center but paid Catherine directly. On May 14, 2019, Jonas filed a motion for declaratory judgment, which claimed the parties had orally agreed in 2013 to reduce his child support obligation. Jonas stated he was current in paying this reduced amount and asked for a declaratory judgment confirming that his child support was

---

[1] The decree provided the amount of child support would be reduced as the number of children eligible for support was reduced.

satisfied at that time. Jonas wanted this order stating he was current on his child support obligation so he could sell his house.

At the hearing on his motion, Jonas testified there had never been a formal modification of the dissolution decree. He stated the parties had informally agreed he would pay $466 per month for six months in 2011 and $1800 per month from July 2013 to the date of the hearing. He also stated the situation "resolved itself with [Catherine] asking for another five years of payments beyond the age of 18." Catherine testified she believed Jonas would continue to pay child support until the full amount was paid, even if he did not pay the full amount due each month. Both parties also testified the mortgage payments were made voluntarily by Jonas.

The district court found there had not been a modification of the dissolution decree to reduce Jonas's child support obligation. The court also found there was not sufficient evidence to show a contract to reduce child support. The court entered an order of partial satisfaction of child support, finding Jonas had satisfied child support in the amount of $374,970.91 through May 31, 2019. Jonas appealed the district court's order.

## II.  Standard of Review

Our review of a district court's ruling on a motion for declaratory judgment depends upon how the action was tried. *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 178 (Iowa 2010). The parties agree this action was tried in equity. Therefore, our review is de novo. *See* Iowa R. App. P. 6.907. We examine the entire record and adjudicate the issues anew. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). We give weight to the district court's factual

findings, especially concerning the credibility of witnesses, but those findings are not binding on appeal. Iowa R. App. P. 6.904(3)(g).

## III. Discussion

**A.** Jonas claims the parties agreed to a reduction in his child support obligation. He relies in part on the fact that Catherine never initiated a contempt action against him for unpaid child support. Jonas asserts the district court should have found his child support obligation satisfied through the date of the trial court's order.

Jonas relies upon *In re Marriage of Wimmer*, 349 N.W.2d 505, 507 (Iowa Ct. App. 1984), which stated, "Divorced parents may contract between themselves concerning the support of their minor children if the children's best interests are not harmed thereby." The district court found there was not sufficient evidence of a contract between the parties to reduce Jonas's child support payments. The court stated, "I can't find by any kind of preponderance of the evidence that there was any reasonable certainty of a contract." The court also stated there was no evidence that a reduction in child support was in the children's best interests.

We agree with the district court's conclusion. Jonas testified that when he had a conversation with Catherine about reducing his child support payments, this "[l]ed to a few different back and forths. We talked on the phone as well. I think it resolved itself with her asking for another five years of payments beyond the age of 18." Catherine testified that she did not agree to forgive the difference between the amount of child support Jonas was paying and the amount due but believed Jonas would "continue to pay until it's been paid in full." The evidence does not support a finding that the parties entered into a contract that provided Jonas would

only be responsible to pay a reduced amount of child support. Furthermore, there was no evidence to show any such agreement would have been in the best interests of the children.

**B.** Jonas asserts it is inequitable to require him to pay the full amount of his child support obligation because he paid the mortgage payment for many years on the home where Catherine and the children were living. He states these mortgage payments should be offset against the total amount of his child support obligation.

Jonas did not raise this issue before the district court. In his closing argument to the court he stated only that "the parties entered an agreement reducing the child support to $1800 a month." Furthermore, the district court did not rule on the issue. We conclude the issue has not been preserved for our review and we do not address it.[2] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

### IV. Appellate Attorney Fees

Catherine seeks attorney fees for this appeal. Appellate attorney fees are not awarded as a matter of right, but rest within the court's discretion. *In re Marriage of Stenzel*, 908 N.W.2d 524, 538 (Iowa Ct. App. 2018). In considering

---

[2] Even if the issue had been preserved, we would find Jonas's payments on the mortgage should not be offset against his child support obligation. Jonas testified, and Catherine agreed, the payments were made voluntarily. Jonas's mother held the mortgage on the house, and Jonas stated he was worried her credit would be ruined if he did not keep paying the mortgage payments.

appellate attorney fees, we look to "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* We determine each party should pay their own appellate attorney fees based on the lack of evidence before the court concerning such request. Costs on appeal are assessed to Jonas. We affirm the decision of the district court.

**AFFIRMED.**