HULDA WEYRAUCH, Appellee, v. A. L. JOHNSON, County
Recorder, Appellant.

**APPEAL AND ERROR:** Review—Scope—Vacation Orders in Manda-
1   **mus.** The granting of a temporary order in mandamus in vacation
will not be reviewed on appeal when complainant appears in the
trial court on notice and proceeds to a hearing in vacation without
objection. (See Book of Anno., Vol. 1, Sec. 12827, Anno. 18 *et seq.*)

**CHATTEL MORTGAGES:** Recording "Instrument Relating to Real
2   **Estate."** A mortgage (1) on chattels on certain described real
estate and (2) on all crops "sown, planted, raised, growing or
grown" on said real estate for two specified years following the
execution of said instrument, being an instrument which "relates
to real estate," is recordable as a *real estate* mortgage, and such
recording may be enforced by mandamus.

Headnote 1: 3 C. J. p. 358.   Headnote 2: 38 C. J. p. 739.

*Appeal from Hardin District Court.*—SHERWOOD A. CLOCK,
Judge.

APRIL 6, 1926.

OPINION ON REHEARING MAY 11, 1926.

ACTION in mandamus, to compel the county recorder of
Hardin County to record and index a certain instrument as a
real estate mortgage. The court entered an order as prayed,
and the recorder appeals.—*Affirmed.*

*James L. Cameron,* for appellant.

*E. H. Lundy* and *R. R. Bateson,* for appellee.

FAVILLE, J.—On the 5th day of April, 1924, Edward A.
Weyrauch and Flora E. Weyrauch executed and delivered to
appellee a certain written instrument which was denominated
a "chattel mortgage." The instrument described certain ani-
mals and other personal property, and fixed the location of the
same upon a certain quarter section of land. The instrument
contained the following clause:

"This mortgage shall also cover any and all crops of any

and of every nature and kind as may be sown, planted, raised, growing or grown during the years A. D., 1924 and 1925 upon the said real property hereinbefore described, the said mortgagee to have and to hold all of the property herein described forever and the said mortgagors will forever warrant and defend same against all persons whomsoever, except as against the Iowa Falls Credit Corporation.''

On April 7, 1924, the instrument was duly filed for record with the county recorder, as a chattel mortgage. On the 17th day of January, 1925, appellee made written and oral demand upon the county recorder of Hardin County to index said instrument in the real estate mortgage index of said county, and record the same as a real estate mortgage, and tendered the amount of the recording fee. This, appellant refused to do. Thereupon this action was instituted in mandamus, to compel appellant to so record said written instrument. Notice was served upon appellant that said petition would be presented to one of the judges of the eleventh judicial district at a certain time and place, for a temporary order in said matter. Appellant appeared in response to said notice, and, as we gather from the record, which is not very definite on the matter, filed a demurrer to the petition. No ruling appears to have been had upon the demurrer, but it does appear that, without further pleading or objection, a hearing was had before the judge at the time and place fixed in the notice. The court made the following order:

''And now, to wit, on this 23d day of January, A. D., 1925, the cause as in the within petition entitled coming on for hearing, upon due notice of plaintiff to defendant, and upon hearing for a temporary order, and the matter being heard in vacation before me, one of the judges of the eleventh judicial district of Iowa, at Hampton, Iowa, and having inspected the pleadings and heard the evidence produced and offered by the parties, and said party plaintiff appearing by E. H. Lundy and R. R. Bateson, and the defendant appearing in person, and by the county attorney, J. L. Cameron, the court finds that a temporary order should be granted in favor of plaintiff. It is therefore ordered that the defendant be and is directed and ordered that, upon tender to said county recorder, being kept

good, of $2.40 to pay recording fee, that the mortgage referred to in plaintiff's petition shall forthwith be by defendant indexed as and in the manner of real estate mortgages, and be recorded by him accordingly. To all of which defendant excepts."

I.   Appellant contends in this court that the court erred in granting the relief asked, on a so-called temporary hearing in vacation. Notice of an application for a hearing before the judge in vacation was served upon appellant, who, in response thereto, appeared before the said judge in person and by counsel, and submitted to a hearing at said time without any objection whatever. No question of jurisdiction to enter the order was urged. The order was entered, and the record shows that the order was obeyed by the respondent, and the instrument in question duly recorded. The question presented by appellant is, therefore, moot; and as to whether or not the judge in vacation had any authority to enter the order in mandamus is not properly before us, and we refrain from making any pronouncement in relation thereto.

1. APPEAL AND ERROR: review: scope: vacation orders in mandamus.

II.   Section 5171, Code of 1924, prescribes the general duties of the county recorder, as follows:

"The recorder shall keep his office at the county seat, and shall record at length, and as speedily as possible, all instruments in writing which may be delivered to him for record, in the manner directed by law."

Provision is made in the recording acts for the filing of chattel mortgages with the county recorder, who shall indorse the time of receiving the same, and file the same in his office. The instrument may also, upon request, be recorded. Code Section 10017 et seq. The recording act with respect to real estate provides (Section 10105):

2. CHATTEL MORTGAGES: recording "instrument relating to real estate."

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless filed in the office of the recorder of the county in which the same lies, as hereinafter provided."

There is also a provision in the statute whereby real estate mortgages which create an incumbrance on personal property

or which provide for a receivership may, if requested by the holder, be indexed in the chattel mortgage index book.

Section 10066 provides, in part, as follows:

"All instruments containing a power to convey, or in any manner relating to real estate, shall be held to be instruments affecting the same."

Appellee's contention is that the instrument in question comes under the general clause of being an instrument "in any manner relating to real estate," and as such, is subject to record as a real estate mortgage.

The mortgage recites that the real estate upon which the chattels described in the mortgage were located, was "occupied by the mortgagors as their home and homestead." The only contention by which it is claimed that appellee was entitled to have this instrument recorded and indexed as a real estate mortgage is the provision in the mortgage covering all crops of any and every nature and kind that may be sown, planted, raised, growing, or grown during the years 1924 and 1925 upon the real property described. The sole question for determination is whether, under the terms of the mortgage, it could possibly be construed as being an instrument "in any manner relating to real estate."

We are not concerned, in the determination of this question, with the perplexing discussion as to just when and under what circumstances, and between what parties, a growing crop may be at one time under a chattel mortgage, and may at another time pass with a conveyance of the real estate. A discussion of this question might easily bring one, by a labyrinthine path, into a morass of uncertainty and contention, from which there is no clear, well defined, and oft traveled avenue of escape. It is true, however, that we have repeatedly recognized in this state that a chattel mortgage may be given upon crops to be grown in the future, which, as between certain parties, will attach to the property when it comes into existence; and the recording of such a mortgage will impart notice of the lien. *Wheeler v. Becker*, 68 Iowa 723; *Norris v. Hix*, 74 Iowa 524; *Thompson v. Anderson*, 94 Iowa 554.

It is also true that growing and immature crops attached to the soil pass under a conveyance of the land, at least as

between vendor and vendee. *Strawhacker v. Ives & Sons,* 114 Iowa 661; *Hecht v. Dettman,* 56 Iowa 679; *Downard v. Groff,* 40 Iowa 597; *Newburn v. Lucas,* 126 Iowa 85; *Whiteside v. Morris,* 197 Iowa 211.

It is therefore true that, under certain circumstances, a chattel mortgage may be given on a crop to be grown in the future, and, under proper circumstances, be given force and validity as to such crop. It is also true that growing and immature crops are a part of the real estate, as between a vendor and vendee, and pass with a conveyance of the land. It necessarily follows that the written instrument in question, providing for a lien upon crops to be grown in the future, might, under some circumstances, be held to be an instrument relating to real estate.

We therefore are of the opinion that appellee had a legal right to have such instrument recorded and indexed in the record designated by appellee in the recorder's office. No question of the effect of said instrument is before us, and we expressly reserve any pronouncement in relation thereto. We limit our holding simply to the one proposition: that, under the record in this case, appellee was entitled to the writ of mandamus directing the county recorder to record said instrument in the records of his office and to index the same as demanded by appellee, upon tender of the proper fee.

III.   We may observe that the county recorder is largely a ministerial officer. It is a matter of common knowledge that many instruments that are technically defective are recorded, and the record of such instruments may be insufficient to impart constructive notice. There seems to be no provision in the statute which clothes the county recorder with the judicial power to determine the legal validity and effect of every instrument tendered to him for record, or the effect of such recording. He cannot arbitrarily refuse to record instruments which are in proper form and eligible to record, under our recording acts, where a reasonable request for recording is made and the fee is duly tendered.

We find no error in the record appealed from, and it must be, and is,—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.