Dwayne A. PROCTOR and Betty J.
Proctor, Appellees,

v.

Carolyn GARRETT, Wapello County
Recorder, Appellant.

No. 85–573.

Supreme Court of Iowa.

Dec. 18, 1985.

Richard R. Schlegel, II, Co. Atty., for appellant.

Stephen A. Richardson, Bloomfield, for appellees.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

The plaintiffs in this mandamus action are owners of farmland in Wapello County which had been scheduled for a foreclosure sale. Shortly before the sale, the owners attempted to record a "Notice of Common-law Lien" in which they claimed a lien, on their own land, for "labor, services and materials" furnished between 1968 and 1984.

The recorder, relying on written opinions of the attorney general and the county attorney, refused to record the notice of lien on the ground it was not a valid instrument. This mandamus action followed. The parties stipulated to the underlying facts and agreed on the issue of law: Whether an instrument which meets the requirements for recording under Iowa Code section 331.602(1) (1983) may nevertheless be rejected by the recorder on the ground the instrument is a legal nullity. The district court held it may not, and we agree.

We start with the assumption that the notice of common-law lien here is in fact a nullity. We held that in the recent case of *Federal Land Bank of Omaha v. Boese*, 373 N.W.2d 118, 121 (1985). Even assuming that, however, the question remains whether the recorder is authorized to make that judgment and permit or refuse recordation accordingly.

The general duties of the county recorder are set out in Iowa Code section 331.602 and provide, in relevant part:

*General duties.* The recorder shall:

1. Record all instruments presented to the recorder's office for recordation upon payment of the proper fees and compliance with other recording requirements as provided by law. The instruments presented for filing or recordation shall have typed or legibly printed on them the names of all signatories including the names of acknowledging officers and witnesses beneath the original signatures.

*a.* However, if an instrument does not contain typed or printed names, the recorder shall accept the instrument for recordation or filing if it is accompanied by an affidavit, to be recorded with the instrument, correctly spelling in legible print or type the signatures appearing on the instrument.

*b.* The requirement of paragraph "*a*" does not apply to military discharges,

military instruments, wills, court records or to any other instrument dated before July 4, 1959.

c. Failure to print or type signatures as provided in this subsection does not invalidate the instrument.

There are forty-four general duties prescribed by this section and, this recorder argues, none of them require recording of common-law liens. We disagree. Section 331.602(1) requires the recorder to record "all instruments presented to the recorder's office for recordation upon payment of the proper fees and compliance with other recording requirements as provided by law." The parties to this case stipulated that the instrument in question meets the requirements for recording established by Iowa Code section 331.602(1).

In *Weyrauch v. Johnson*, 201 Iowa 1197, 208 N.W. 706 (1926), we noted that a recorder has no discretion to refuse recordation of an instrument if it is in proper form, and the recording fee is tendered. We said:

We may observe that the county recorder is largely a ministerial officer. It is a matter of common knowledge that many instruments that are technically defective are recorded, and the record of such instruments may be insufficient to impart constructive notice. There seems to be no provision in the statute which clothes the county recorder with the judicial power to determine the legal validity and effect of every instrument tendered to him for record, or the effect of such recording. He cannot arbitrarily refuse to record instruments which are in proper form and eligible to record, under our recording acts, where a reasonable request for recording is made and the fee is duly tendered.

*Id.* at 1201, 208 N.W. at 708.

The defendant acknowledges that ordinarily a recorder has no discretion to assess the validity of an instrument, but she points to language in the *Weyrauch* case to support her argument that a recorder does have discretion under some circumstances. She relies on the part of *Weyrauch* which said that a recorder "cannot *arbitrarily* refuse to record instruments which are in proper form" when "a *reasonable* request for recording is made...." *Id.* (Emphasis added.) The recorder argues that in this case the instrument tendered for recording was so patently void that the action of the recorder in refusing to record it was not "arbitrary" under *Weyrauch*. Furthermore, she argues, any request for recordation of such an instrument by the plaintiffs could not be considered "reasonable" under the language of that case.

We do not agree with this interpretation of *Weyrauch*. While the words "arbitrary" and "reasonable," when taken out of the context of the case, might provide a basis for the recorder's argument here, the holding of the *Weyrauch* case is clear: The statute (which then provided that the recorder "shall record ... all instruments in writing which may be delivered to him for recording") gave no discretion to the recorder to make such a judgment. 201 Iowa at 1199, 208 N.W. at 707. When the instrument in question is in proper form and the recording fee is tendered, a refusal by the recorder to follow the statutory duties prescribed for the recorder is in fact arbitrary. A similar interpretation must be given to our present statute.

We do not believe the legislature intended to allow the recorder, who is ordinarily not trained in the law, to pass judgment on the legal impact of an instrument presented for recording. While the instrument here might be conceded to be a nullity, other cases might arise where it would not be so clear. *Weyrauch* is a good example. There the plaintiff attempted to have a chattel mortgage on growing crops recorded as an interest in real estate. The recorder refused on the ground it was a chattel mortgage, not one on real estate. On appeal, this court agreed with the district court: Under some circumstances, a chattel mortgage on growing crops could in fact be an interest in real estate, and we held the recorder erred in concluding otherwise. *Id.* at 1201, 208 N.W. at 708.

Closer to the facts of this case, it is conceivable that a valid mechanics lien, which resembles the "common-law" lien notice in several respects, might be denied recordation because the recording officer erroneously classified it as a common-law lien. A person who has erroneously been denied recordation of a valid instrument by the officer's interpretation of the law could lose the benefits of the filing or recording statutes and possibly be denied a position of priority in the event of competing claims.

We agree with the district court. The recorder acted beyond the scope of her statutory duties, and she had no discretion to deny recordation. We affirm the issuance of the writ of mandamus.

AFFIRMED.