2007-NMCA-031

154 P.3d 691

Adriano VALDEZ, Petitioner–Appellant,

v.

Fred J. VIGIL, County Clerk of Rio Arriba County of New Mexico, Patricio Garcia, Planning Director for Rio Arriba County of New Mexico, and The Board of Commissioners of Rio Arriba County of New Mexico, Respondents–Appellees.

No. 25,018.

Court of Appeals of New Mexico.

Oct. 25, 2006.

Certiorari Denied, No. 30,091, Nov. 27, 2006.

John R. Polk, Clara Ann Bowler, Albuquerque, NM, Peter J. Holzem, Law Offices of Peter J. Holzem, Chama, NM, for Appellant.

Ted J. Trujillo, Adán E. Trujillo, Law Offices of Ted J. Trujillo, Espanola, NM, R. Galen Reimer, Gallagher, Casados & Mann, P.C., Albuquerque, NM, for Appellees.

## OPINION

ALARID, Judge.

{1} This matter having come before the Court on Petitioner–Appellant's motion for rehearing, it is hereby ordered that the opinion issued on September 29, 2006, is withdrawn and the following opinion substituted in its place, and Petitioner–Appellant's motion for rehearing is denied.

{2} This case requires us to decide whether a county clerk may refuse to accept and record a survey plat, duly certified by a licensed professional surveyor as a boundary survey plat, on the ground that the plat has not been reviewed by county authorities for compliance with state and county subdivision law. We hold that a county clerk has statutory authority to independently review survey plats presented for recordation to determine whether a given survey accomplishes a subdivision of land; and that a county clerk may enlist the aid of county zoning and planning officials in conducting this review. We also hold that a county clerk's authority to conduct a substantive review of the contents of a survey plat is limited to the threshold question of whether a plat accomplishes a subdivision of land.

## BACKGROUND

{3} The operative facts are uncomplicated. Petitioner–Appellant Adriano Valdez is a licensed surveyor. Valdez prepared a boundary survey plat for a client whose land is located within the Tierra Amarilla Land Grant in Rio Arriba County. Valdez included the following statement on the plat: "I further certify that this survey is not a land division or subdivision as defined in the New Mexico Subdivision Act and that this instrument is a boundary survey plat of an existing tract or tracts." On October 27, 2003, Valdez presented the boundary survey plat for filing at the Tierra Amarilla office of Respondent–Appellee Rio Arriba County Clerk Fred J. Vigil. Respondent–Appellee Rio Arriba County has an unwritten, but firmly-estab-

lished, policy requiring all survey plats, as a condition precedent to acceptance and recordation by the county clerk's office, to bear a stamp and signature indicating that the plat has been submitted to county planning and zoning officials for review for compliance with state and county land use and subdivision laws. A deputy clerk pointed out that the survey did not have the required stamp indicating that it had been reviewed and approved by county planning and zoning officials. The chief deputy clerk directed Valdez to take the survey plat to the county planning and zoning department for review and approval. Valdez asserted that the plat was a "boundary survey" and that there was no requirement that such a survey be reviewed and approved by county officials prior to recordation by the county clerk. The county clerk's office refused to accept and record the survey plat, returning it to Valdez.

{4} Valdez filed a petition for a writ of mandamus in the Rio Arriba County District Court. The district court upheld the county clerk's policy of refusing to record survey plats that did not bear a stamp and signature indicating prior review by the county planning and zoning officials. Because the survey had not been submitted to county planning and zoning officials pursuant to the county's policy—which the district court had upheld—the district court ruled that the county clerk had no duty to accept and record the survey. The district court entered an order denying Valdez's petition for a writ of mandamus.

## DISCUSSION

[1] {5} The focus of this case is the following statute:

A. For those surveys *that do not create a division of land* but only show existing tracts of record, ... a professional surveyor shall file and the county clerk shall accept and record a plat of survey entitled "boundary survey plat" *that shall:*

(1) contain a printed certification of the professional surveyor stating that "this is a boundary survey plat of an existing tract", or existing tracts, if appropriate, and that "it is not a land division or subdivision as defined in the New Mexico Subdivision Act ...";

(2) identify all tracts by the uniform parcel code designation or other designation established by the county assessor, if applicable;

(3) meet the minimum standards for surveying in New Mexico as established by the board;

(4) not exceed a size of eighteen inches by twenty-four inches and be at least eight and one-half inches by eleven inches; and

(5) consist of two black-line copies, one of which the county clerk's office may require to be a mylar copy, made by the surveyor from a mylar original, which shall be maintained in the professional surveyor's files.

NMSA 1978, § 61–23–28.2(A)(1)–(5) (1999) (emphasis added). We review the district court's interpretation of a statute under a de novo standard. *See Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 2005–NMCA–051, ¶ 11, 137 N.M. 524, 113 P.3d 347 (observing that where the operative facts are undisputed the construction of a statute presents a question of law).

{6} We begin with an analysis of the grammatical structure of Section 61–23–28.2(A). The portion of Subsection (A) quoted above consists of a single sentence composed of two clauses: (1) an initial independent clause, and (2) an extended dependent clause beginning with the words "that shall." The dual subjects of the initial clause are "a professional surveyor" and "the county clerk"; the action is conveyed by the verbs "shall file" and "shall accept and record"; and the object of the independent clause is the phrase "a plat of survey entitled 'boundary survey plat.'" The dependent clause beginning with "that shall" modifies "a plat of survey entitled 'boundary survey plat.'"

[2] {7} An inanimate object such as a survey plat obviously cannot create itself or determine its own contents. When the Legislature uses the grammatical structure, "[an inanimate object] that shall" followed by a list of criteria, it impliedly is imposing an obligation on some human actor or actors to comply with the statutory criteria. Although Subsection (A) refers to two actors—surveyors and county clerks—it does not expressly

identify the actor (or actors) who are responsible for insuring that the survey plat conforms to the criteria of paragraphs (1)-(5).

{8} A further complication results from the principle of statutory construction that the auxiliary verb "shall" can "express a duty, obligation, [or] requirement" and a "condition precedent." NMSA 1978, § 12–2A–4(A) (1997). It is not clear in what sense the Legislature used "shall" in the subordinate clause beginning with "that shall." Section 61–23–28.2(A). Some of the criteria in Subsection 61–23–28.2(A)(1)-(5) clearly express duties imposed on the surveyor preparing the plat, as for instance, in Subsection (A)(3) the requirement is that a survey "meet the minimum standards for surveying in New Mexico." Other criteria such as the Subsection (A)(1) certification or the dimensions specified in Subsection (A)(4) can readily be read both as imposing a duty on the surveyor preparing the plat and as creating a condition precedent to a county clerk's duty to accepting and recording a survey plat.

{9} On balance, we are persuaded that Subsection (A)(1)-(5) is principally addressed to surveyors, on whom they impose duties in preparing and submitting a plat. We consider it significant that the Legislature included the criteria of Subsection (A)(1)-(5) in NMSA 1978, Chapter 61, Section 23, which is generally concerned with the regulation of the professions of engineering and surveying, rather than in NMSA 1978, Chapter 14, Section 8, which is generally concerned with recordation or NMSA 1978, Chapter 47, Section 6, which is generally concerned with county regulations of subdivisions. Further, in contrast to a county clerk, a surveyor preparing a plat has direct control over the contents of the plat and is qualified by training and experience to insure that a given plat satisfies the substantive criteria of Subsection 61–23–28.2(A)(1)–(5). Lastly, determining whether a given survey "meet[s] the minimum standards for surveying in New Mexico" seems to us to be an inquiry generally beyond the expected competence of county clerks. Section 61–23–28.2(A)(3). We therefore hold that the Legislature intended the substantive criteria of Subsection (A)(1)-(5) primarily to impose duties on the surveyor preparing the plat, and that Subsection (A)(1) -(5) does not of itself authorize a county clerk to engage in a substantive review of the contents of a boundary survey plat. A county clerk's responsibilities under Subsection (A)(1)-(5) are ministerial, such as reviewing a boundary survey plat to determine that it contains a surveyor's certification or that it does not exceed eighteen inches by twenty-four inches.

{10} Respondents argue that apart from Subsection (A)(1)-(5), the introductory clause of Subsection (A) creates a threshold question of whether a given survey is in fact a "boundary survey plat" as opposed to a subdivision plat. We agree.

{11} As Respondents point out, we should not read Subsection (A) in isolation: understanding the legislative intent underlying Subsection (A) requires consideration of other statutes *in pari materia*. *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992) (observing that "[a] fundamental rule of statutory construction is that all provisions of a statute, together with other statutes in pari materia, must be read together to ascertain the legislative intent"). Accordingly, our construction of Subsection(A) is informed by consideration of Subsection (C), which provides as follows:

> For those surveys *that do create a division of land,* the survey shall be completed in conformity with the board's minimum standards *and in conformity with the New Mexico Subdivision Act and any applicable local subdivision ordinances.* Filing procedures shall be prescribed in the board's minimum standards. The record of survey required to be filed and recorded ' pursuant to this subsection shall be filed within sixty calendar days *after* completion of the survey *or approval by the governing authority.*

Subsection 61–23–28.2(C) (emphasis added). Section 61–23–28.2 clearly reflects the Legislature's intent to distinguish "those surveys that do not create a division of land," which are governed by Subsection (A), from "those surveys that do create a division of land," which are governed by Subsection (C). Subsection (C) expressly incorporates the New Mexico Subdivision Act and applicable local

subdivision law, and expressly refers to "approval by the governing authority."

{12} We also must consider the New Mexico Subdivision Act, NMSA 1978, §§ 47–6–1 to –29 (1973, as amended through 2005) (the NMSDA), which is referred to in both Subsections 61–23–28.2(A), (C). The NMSDA defines a subdivision as follows:

L. "subdivision" means the *division* of a surface area of land, including land within a previously approved subdivision, *into two or more parcels* for the purpose of sale, lease or other conveyance or for building development, whether immediate or future; but "subdivision" does not include:

. . . .

(7) the division of land resulting only in the alteration of parcel boundaries where parcels are altered for the purpose of increasing or reducing the size of contiguous parcels and *where the number of parcels is not increased* [.]

Section 47–6–2(L)(7) (emphasis added). Whether a plat accomplishes a subdivision is a crucial threshold inquiry under the NMSDA because a county's regulatory authority under the NMSDA extends only to subdivisions. Section 47–6–9(A). A boundary survey as defined in Subsection 61–23–28.2(A) does not create a division of land, and therefore is inherently inconsistent with the NMSDA's basic definition of a subdivision, which requires "the division of a surface area of land." Section 47–6–2(L). Moreover, even if a boundary survey that alters boundaries shown on a prior survey plat might in some sense be considered a division of land, such surveys are expressly excepted from the definition of subdivision by Subsection 47–6–2(L)(7). Because a Subsection 61–23–28.2(A) survey does not fall within the NMSDA's definition of subdivision, a Subsection (A) survey does not trigger a county's regulatory authority under the NMSDA.

{13} The NMSDA contains one other provision that we view as essential to our understanding of the legislative intent underlying Subsection 61–23–28.2(A):

The county clerk *shall not accept for filing* any final plat subject to the New Mexico Subdivision Act ... that has not

been approved as provided in the New Mexico Subdivision Act.

Section 47–6–6 (emphasis added). The significance of this section of the NMSDA will become apparent in the discussion that follows.

{14} We think that in enacting Subsection 61–23–28.2(A), the Legislature included the certification requirement of Subsection (A)(1) to aid county clerks in determining whether a given plat accomplishes a subdivision of land within the meaning of the NMSDA. A surveyor's Subsection (A)(1) certification, if unrebutted, is sufficient to support a determination that the survey in question does not accomplish a division of land. *See Goodman v. Brock*, 83 N.M. 789, 792–93, 498 P.2d 676, 679–80 (1972) (observing that a "prima facie showing" is evidence that, if unrebutted, permits a factfinder to find the fact in question). However, in view of Section 47–6–6, we do not believe that the Legislature intended a county clerk to be bound by a surveyor's Subsection 61–23–28.2(A) certification. Section 47–6–6 expressly prohibits a county clerk from accepting a plat that is "subject to the [NMSDA and] that has not been approved as provided in the [NMSDA]." Section 47–6–6 was enacted in its current form in 1995, and therefore existed prior to the enactment of Subsection 61–23–28.2(A)'s certification requirement in 1999. Thus, when Section 47–6–6 was enacted, the Legislature could not have intended for county clerks to defer to a surveyor's certification. We hold that the duty to not accept a plat subject to the NMSDA unless it has been approved, necessarily implies the authority to independently review a plat, including a plat labeled as a boundary survey plat, to determine the threshold substantive question of whether the survey plat accomplishes a subdivision of land within the meaning of the NMSDA. *See Kennecott Copper Corp. v. Employment Sec. Comm'n*, 78 N.M. 398, 402, 432 P.2d 109, 113 (1967) (observing that a power conferred by statute implies those further powers necessary to carry out the power expressly granted). In carrying out the statutory duty under Section 47–6–6, a

county clerk is not bound by a surveyor's certification and may look to the face of the survey or to other documents in the county clerk's records in determining whether a survey plat certified as a boundary survey plat in fact accomplishes a division of land within the meaning of the NMSDA. *See Eldorado Utils., Inc. v. State ex rel. D'Antonio*, 2005–NMCA–041, ¶¶ 12–13, 137 N.M. 268, 110 P.3d 76 (holding that the State Engineer has discretion to refuse to accept for filing amended declarations of water rights pertaining to water rights that are not vested, and that the State Engineer may rely on information contained in his own records in exercising this discretion).

{15} We see no reason why a county clerk, in confirming the accuracy of a surveyor's certification, should be precluded from obtaining the aid of county employees with expertise in land use matters. Valdez has not referred us to any statute or ordinance that prohibits a county clerk from relying on the expertise of other county employees in carrying out the duties imposed by Sections 47–6–6 and 61–23–28.2. It is essential for county clerks and other county officials assisting the county clerk to bear in mind that a county clerk conducting a threshold review to determine if a given plat falls within or without of the county's regulatory jurisdiction is exercising a statutory grant of authority under Sections 47–6–6 and 61–23–28.2 that is entirely independent of, and more limited than, the authority to review subdivision plats granted to a board of county commissioners (or its delegatees) under the NMSDA. County officials enlisted to assist a county clerk in reviewing a survey plat review must take care to distinguish the narrow threshold review contemplated by Sections 47–6–6 and 61–23–28.2 from plenary review of subdivision by a county commission pursuant to the NMSDA.

{16} County clerks are "ex-officio recorders in their respective counties." NMSA 1978, § 14–8–1 (1915). As the recorders, county clerks have a duty to record "papers which by law should be recorded." NMSA 1978, § 14–8–2 (1915). This duty is more specifically described as follows:

> When any land title, or other document, shall be delivered to the county clerk to be recorded, it shall be his duty to endorse immediately on that document, or other paper, the day, month and year in which he received it, and he shall record it in the book of record as soon as possible, and the said documents from the date on which they were delivered to the county clerk shall be considered as recorded[.]

NMSA 1978, § 14–8–6 (1915).

We perceive a potential conflict between Section 14–8–6, which imposes a duty to "endorse immediately" and to record "as soon as possible," Section 14–8–2, which limits the duty to only those documents that are recordable, and Section 47–6–6, which imposes an unqualified duty not to accept an unapproved subdivision plat for filing. We think these provisions can be harmonized and a conflict avoided by treating a Section 14–8–6 endorsement on a boundary survey plat merely as a conditional acceptance, pending review to confirm that the plat does not reflect a subdivision of land within the meaning of the NMSDA. Furthermore, regardless of whether a county clerk conducts an in-house review of a boundary survey plat or delegates the review to county employees, the county clerk remains subject to the duty to record "as soon as possible" those boundary survey plats that do not reflect a subdivision of land. Section 14–8–6. Finally, Section 14–8–6 provides that the plat, once recorded, will be considered recorded as of the date on which it was delivered to the county clerk.

{17} Acceptance and recording of a survey plat by a county clerk acting as ex officio recorder is not a substitute for approval of the plat by the board of county commissioners. The risk that a plat certified as a boundary survey plat is in fact a subdivision plat ultimately is borne by the surveyor, who may be subject to professional discipline or possible criminal or civil liability for erroneously certifying a subdivision plat as a boundary survey plat, NMSA 1978, § 61–23–27.11 (2005); and by the subdivider, who may be exposed to civil and criminal liability for failure to comply with the platting requirements of the NMSDA, Sections 47–6–4, –26, –27, –

27.1. If a subdivision plat improperly has been certified as a boundary survey plat and erroneously recorded by a county clerk, the board of county commissioners, the district attorney, or the attorney general may bring an action in district court seeking mandatory injunctive relief to compel compliance with the NMSDA and county subdivision regulations. Section 47–6–26(A).

{18} Mandamus is an appropriate method of compelling a county clerk to perform the ministerial act of accepting and recording an instrument authorized by law for recordation. NMSA 1978, § 44–2–4 (1884); *Proctor v. Garrett,* 378 N.W.2d 298, 300 (Iowa 1985); *Turrentine v. Lasane,* 389 S.W.2d 336, 337 (Tex.Civ.App.1965). We reverse the order of the district court denying the petition for a writ of mandamus and direct the district court to issue a writ of mandamus directing the county clerk to conditionally accept the survey for recording upon re-submission by Valdez and to immediately make the endorsement described by Section 14–8–6. The county clerk may conduct a limited substantive review of the plat to determine whether the plat does or does not reflect a subdivision of land within the meaning of the NMSDA. The county clerk may also conduct a ministerial review to determine whether the plat facially complies with the requirements of Subsection 61–23–28.2(A)(1)–(5). If the plat constitutes a boundary survey plat as defined in Subsection 61–23–28.2(A) and facially satisfies the criteria of paragraphs (1)-(5), then the county clerk shall record the plat "as soon as possible" after re-submission. Section 14–8–6.

## CONCLUSION

{19} We reverse and remand for further proceedings in accordance with this opinion.

{20} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and RODERICK T. KENNEDY, Judges.